IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHIRLEY WALKER                                                    PLAINTIFF

VS.                              CASE NO. 4-05-CV-1336

ARKANSAS DEPARTMENT OF CORRECTION                                 DEFENDANT


**<u>Order on Motions in Limine</u>**

The Defendant Arkansas Department of Correction ("ADC") has filed two motions in limine.  One seeks to limit the kinds of damages the Plaintiff Shirley Walker may seek(doc. #85).  The second seeks to limit the evidence she may elicit regarding her employment record at ADC and her termination (doc. #86).  The Court will first address the evidentiary motion (doc. #86) and then will address the damages motion (doc. #85).

**I.   Evidentiary Motion**

In this motion, ADC seeks to prohibit Walker from eliciting evidence related to (1) her employment record prior to the November 2004 performance evaluation, and (2) her termination in November 2005 (doc. #86).  In the Court's order on ADC's motion for summary judgment, the Court limited this action to two adverse employment actions: the November 2004 performance evaluation and the December 2004 written reprimand.  Therefore, ADC argues any evidence on Walker's employment record before November 2004 and any evidence of her termination is irrelevant under Fed. R. Evid. 401 and 402 would only confuse the jury as proscribed in Fed. R. Evid. 403.

1

The Court agrees with part of this argument and disagrees with part of it.  In <u>National Railroad Passenger Corp. v. Morgan</u>, the Supreme Court noted that while a specific discrete act may be barred as an adverse employment act under Title VII because it was not timely pled, that evidence may still provide relevant background evidence to explain the facts creating the valid claim for discrimination.  536 U.S. 101, 112 (2002)("'[an employee's unclaimed resignation] may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue.'")(quoting <u>United Air Lines, Inc. v. Evans</u>, 431 U.S. 553, 558 (1977)).

This statement is illustrative in this case.  In order to provide context for the two remaining adverse employment actions, Walker needs to elicit testimony of her employment background, including that she was not promoted in August 2002 and that she had other employment disputes leading up to her November 2004 performance evaluation.  However, Walker cannot do indirectly what the Court has prohibited her from doing directly. Therefore, while she may introduce testimony of her employment record, she may not elicit testimony of her January 2002 EEOC charge of discrimination nor may she testify, suggest, or elicit evidence that she was passed over for promotion on the basis of her race.

Regarding evidence of Walker's termination, the Court agrees with ADC.  Evidence that she was terminated for poor performance is irrelevant to the existing claims and would confuse the jury.

2

If evidence of her termination or the October-November 2005 EEOC

discrimination charge was allowed, the jury no doubt would wonder

why she is not claiming discrimination or retaliation stemming

from her termination.  Therefore, Walker may not introduce

evidence that she was terminated from ADC or that she filed a

third charge of discrimination with the EEOC.  However, this does

not resolve what certainly will be a lingering question for the

jury: is Walker still employed by ADC?  Therefore, the Court will

entertain a stipulation from the parties as to how that evidence

may be provided to the jury without prejudicing the case.

## II.  Damages Motion

In this motion, ADC seeks to prohibit Walker from seeking

(1) reinstatement (2) compensatory damages such as back pay, and

(3) punitive damages (doc. #85).  Again, the Court agrees with

part of this argument and disagrees with part of it.

First, the Court agrees Walker may not seek reinstatement,

punitive damages, or other damages related to her termination.

Her termination is not part of this lawsuit as either a

discrimination claim or retaliation claim.  Therefore, forced

reinstatement is inappropriate. Furthermore, Walker may not seek

money damages, either in discrimination or retaliation, related

to her termination.  All damages sought and received must stem

from the November 2004 performance evaluation or the December

2004 written reprimand. Regarding punitive damages, 42 U.S.C. §

1981a(b)(2006) provides, "A complaining party may recover

punitive damages under this section against a respondent (other than a government, government agency or political subdivision). . . ."  ADC is a government agency of the State of Arkansas. Therefore, Walker may not seek punitive damages against ADC.

However, the Court does not have sufficient evidence before it to rule on what compensatory damages, including back pay, may be appropriate or inappropriate.  From the information currently before the Court, Walker's ability to recover back pay appears limited because after her November 2004 performance evaluation and December 2004 written reprimand, Walker did not receive a demotion or diminished compensation.  However, the two adverse actions barred her from any promotions.  It is for a jury to consider what damages she may be entitled to receive.  The Court may need to make additional rulings on the issue of damages as evidence is produced at trial.

## III. Conclusion

ADC's motions are GRANTED IN PART AND DENIED IN PART. Walker's discrimination and retaliation claims are limited to two adverse employment actions: the November 2004 performance evaluation and December 2004 written reprimand.  Walker may elicit evidence regarding her employment record with ADC for background facts.  Walker may not elicit evidence that any of ADC's actions were on the basis of race discrimination prior to the November 2004 employment evaluation and December 2004 written reprimand.  Walker may not elicit testimony that she was

4

terminated or that her discontinued employment was on the basis

of her race or for retaliation.   The parties may stipulate as to

how to explain her discontinued employment to the jury.

Walker may not seek reinstatement, front pay damages, or

punitive damages.   The Court expresses no opinion at this moment

as to what compensatory damages may be appropriate.   Walker may

not receive any damages related to her termination.   All damages

awarded must stem from either the November 2004 performance

evaluation or the December 2004 written reprimand.

**It is so ordered**, this 3rd day of April, 2008.

RODNEY S. WEBB  District Judge
United States District Court

5